## JOHN JACKLIN v. FELIX SOUTIER.

*Justice's court—Pleading—Trespass—Affidavit—Waiver of defects.*

1. Plaintiff made an affidavit before a justice of the peace, in which he stated that he had a good and just cause of action against the defendant, "against whom he applies for process by warrant, for wrongfully trespassing upon the close of the affiant [describing it by metes and bounds], by entering upon the aforesaid land, and tearing down the fence situate upon said land belonging to affiant, greatly damaging this affiant by leaving his said land open to the commons, and letting this, the affiant's, cattle, sheep, and hogs out of said close." The justice issued a warrant commanding the arrest of the defendant to answer to the plaintiff in a plea of trespass, who was accordingly arrested and brought before the justice. The plaintiff filed a declaration substantially following the affidavit, to which defendant pleaded the general issue, and on his application the case was adjourned. On the adjourned day the defendant appeared with his attorney, who, after looking over the papers, stated that the "plea was all right," and demanded a jury trial. After the jury and a witness were sworn, the defendant's attorney moved to quash the proceedings on the ground of the insufficiency of the affidavit, which motion was overruled, and the trial proceeded, resulting in a verdict for the plaintiff of nominal damages, upon which a judgment was entered, which was reversed in the circuit court on *certiorari*, which latter judgment is reversed, and one entered for the plaintiff, the Court holding—

　*a*—That the motion came too late. If the affidavit was defective the defect was waived by the plea and proceeding to trial without objection.

　*b*—No notice of title or other special defense having been given, the justice had jurisdiction of the case.[1]

Error to Newaygo. (Palmer, J.) Argued October 8, 1890. Decided October 31, 1890.

Trespass. Plaintiff brings error. Reversed, and judg-

[1]See *Dailey v. Kennedy*, 64 Mich. 208; *Luton v. Circuit Judge*, 70 Id. 152.

ment entered in this Court for plaintiff. The facts are stated in the opinion and in the head-note.

*A. F. Tibbitts* (*A. G. Day,* of counsel), for appellant, contended:

1. The affidavit is specific, and avers a trespass positively, and the plea of the general issue virtually admits plaintiff's title; citing How. Stat. § 6894, and cases cited; *McFarlane v. Ray,* 14 Mich. 465; *Vandoozer v. Dayton,* 45 Id. 247.
2. The defendant could not remove the cause without pleading title, giving notice, and filing a bond; citing How. Stat. § 6890–6893; *Rawson v. Finlay,* 27 Mich. 268.

*E. L. Gray,* for defendant, contended:

1. In support of claim that the affidavit is insufficient, counsel cited *Proctor v. Prout,* 17 Mich. 473; *People v. McAllister,* 19 Id. 215; *Badger v. Reade,* 39 Id. 771.
2. The case of *Maxwell v. Deens,* 46 Mich. 37, does not hold that mere pleading waives such a defect in an affidavit, as Mr. Justice CAMPBELL says, "We think the defect in the affidavit was waived by going to trial and judgment without *at any stage of the cause* bringing the matter to the attention of the justice."
3. The defendant claimed a right of way over plaintiff's land, as the evidence tended to show, and the justice had no jurisdiction; citing *Fowler v. Hyland,* 48 Mich. 179; How. Stat. § 6815.

GRANT, J. This is an action of trespass originating in justice's court, in which plaintiff recovered a judgment for six cents. Defendant removed the case to the circuit court by *certiorari,* where the judgment was reversed, and plaintiff brought it to this Court by writ of error. The suit was commenced by warrant based upon the affidavit of plaintiff. Plaintiff filed the usual declaration in trespass. Defendant pleaded the general issue, and asked for an adjournment, which was granted. Upon the adjourned day defendant was present with his counsel, who, after examining the pleadings, expressed himself as satisfied and ready for trial. A jury was impaneled and sworn. After the taking of testimony had commenced,

defendant moved to quash all proceedings on the ground that the affidavit was not sufficient to authorize the warrant.

The motion came too late. If the affidavit was defective the defect was waived by the plea and proceeding to trial without objection. No notice of title or other special defense was given, and the justice had jurisdiction of the case.

Judgment reversed, and a judgment entered in this Court for plaintiff, with costs of both courts.

CHAMPLIN, C. J., CAHILL and LONG, JJ., concurred. MORSE, J., did not sit.